IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Justin Slone Medved,<br><br>            Plaintiff,<br><br>v.<br><br>Michael Patrick Medved,<br><br>            Defendant. | No.  CV-14-2242-PHX-DKD<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE SUSAN R. BOLTON, U.S. DISTRICT JUDGE:

      Before the Court is the Plaintiff's Complaint, Application to Proceed Without Prepaying Fees or Costs and Motion to Allow Electronic Filing.  This matter is addressed by this Report and Recommendation to the Presiding Judge of the Phoenix Division because although this case was randomly assigned to the undersigned judge pursuant to the Local Rules of this Court, the undersigned, as a Magistrate Judge, does not have the judicial authority to enter a dispositive order absent the consent of the parties.

      The Court has reviewed the Complaint as required by 28 U.S.C. § 1915(e)(2) and notes that the substance of this Complaint has already been addressed by two other judges of this Court.  District Judge Tuchi dismissed with prejudice a complaint which is nearly identical to the Complaint in this case.  *See* CV-14-2005-PHX-JJT.  District Judge Snow then dismissed a nearly identical Complaint on the same grounds.  *See* CV-14-2076-PHX-GMS.

1 The Court has reviewed the Complaint in the above captioned-case and identified the following merely semantic differences from the previously dismissed complaints. Nearly all references to Section 1983 of Title 42 of the United States Code which appeared in the earlier Complaints have been removed from the text and headings of the Complaint presently before this Court.  (For examples, compare page 10, line 21 of the new Complaint to page 10, line 15 of the dismissed Complaint in CV-14-2005 and further compare page 101, line 15 of the new Complaint to page 100, line 25 of the dismissed Complaint.)  This is significant because Judge Tuchi's Order dismissing the nearly identical Complaint specified that the Complaint did not assert a federal cause of action because the claims failed to satisfy the § 1983 requirement that the defendant acted under color of state law.  Given that there was no such allegation that defendant had acted under color of state law as required by § 1983 and it appearing unlikely that any such allegation could be made, the Complaint was dismissed on those grounds.  Now Plaintiff asserts the identical claims, word-for-word, to those claims previously dismissed but with the phrase "42 U.S.C. § 1983" removed from the headings and text.  With or without the statutory citation, the claims are the same and thus Judge Tuchi's Order dismissing these claims in case number CV-14-2005 requires their dismissal here.

The Court notes that the new Complaint states "[t]his complaint is related to a complaint that was filed against Stachowski Farm, Inc.; James Stachowski; and Peter Stachowski . . . . [and] [t]his complaint is also in relation to a complaint brought against Judge Tuchi and Judge [S]now. . . .  Which is a completely different complaint than the complaint dismissed with prejudice and without leave to amend by Judge Tuchi." Complaint at p. 98.  A review of the Complaint in case CV-14-2005 and the Complaint in this case refutes the statement that it is a "completely different complaint."  They are nearly identical.[1]

---

[1] The Complaint in CV-14-2005 also included the following paragraph not included in the new Complaint: "This complaint is in response to a complaint that was filed in the Superior Court of Maricopa County on the 13th of October of 2013 that was dismissed because the defendant had filed for chapter 7 bankruptcy." ¶ 228 p. 92. The Court includes this footnote for completeness, but the omission or inclusion of this

1 The Court also notes that Plaintiff's new Complaint may assert three additional claims not presented in the previous case. The Court says "may" here because it is unclear from Plaintiff's Complaint whether these claims are alleged because they are not separately enumerated among the specified Claims for Relief at Paragraphs VII through XXV. However, the first page of the new Complaint lists "Bribery in Sporting Contests 18 U.S.C[.] § 224; Hate Crimes Acts 18 U.S.C[.] § 249 . . .; Force, Violence, and Threats Involving Animal Enterprises 18 U.S.C[.] § 43." However these are criminal statutes which authorize the United States Attorney to prosecute criminal cases in federal court. These statutes do not authorize a private citizen to bring such claims in a federal civil case. If Plaintiff believes the criminal statutes of the United States have been violated, he should contact an appropriate federal law enforcement authority such as the Federal Bureau of Investigation or local law enforcement authorities which may have jurisdiction to investigate allegations of criminal contact.

The Court wishes Plaintiff to understand that his case must be dismissed because under our federalist model of government, most responsibilities of government are reserved to the states. Consistent with this constitutional framework, our federal courts are courts of <u>limited jurisdiction</u> which means they are authorized to hear cases only in matters that arise under the Constitution and laws of the United States as delineated by Congress' grant of jurisdiction under Article III of the United States Constitution. As Judge Tuchi pointed out in his Order, Plaintiff's claims and the disputes he describes are not among those matters which are permitted to be heard in federal court. Any such claims may only be entertained in a court of general jurisdiction such as a state trial court.

Accordingly, **IT IS RECOMMENDED** that this case be dismissed with prejudice.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

---

paragraph in the subject Complaint is irrelevant to the Court's jurisdictional analysis.

1  The parties shall have fourteen days from the date of service of a copy of this
2  recommendation within which to file specific written objections with the Court. *See*, 28
3  U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure.  Thereafter,
4  the parties have fourteen days within which to file a response to the objections.  Failure
5  timely to file objections to the Magistrate Judge's Report and Recommendation may
6  result in the acceptance of the Report and Recommendation by the district court without
7  further review.  *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).
8  Failure timely to file objections to any factual determinations of the Magistrate Judge will
9  be considered a waiver of a party's right to appellate review of the findings of fact in an
10 order or judgment entered pursuant to the Magistrate Judge's recommendation.  *See* Rule
11 72, Federal Rules of Civil Procedure.
12        Dated this 24th day of October, 2014.

_____
David K. Duncan
United States Magistrate Judge

cc: SRB